Jian v. Holder

BIA
LaForest, IJ
A094 924 069

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of August, two thousand twelve.

PRESENT:
      ROSEMARY S. POOLER,
      PETER W. HALL,
      GERARD E. LYNCH,
        *Circuit Judges.*

_____

PING SHI JIAN,
      *Petitioner,*

      v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

10-3339-ag
NAC

_____

FOR PETITIONER:      Michael A.O. Brown, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Todd J. Cochran, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ping Shi Jian, a native and citizen of China, seeks review of a July 30, 2010, order of the BIA affirming the October 27, 2008, decision of Immigration Judge ("IJ") Brigitte LaForest, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Shi Jian*, No. A094 924 069 (B.I.A. July 30, 2010), *aff'g* No. A094 924 069 (Immig. Ct. N.Y. City Oct. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications, such as Jian's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Contrary to Jian's arguments, substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on Jian's omission of his 2006 beating in his credible fear interview and asylum application in arriving at its decision. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (holding that for purposes of analyzing

a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"); *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111-12 (2d Cir. 2005) (concluding that an asylum application that omits an essential factual allegation can sustain an adverse credibility finding).  The IJ also reasonably declined to credit Jian's explanation for this omission because his alleged fear of discussing his beating was inconsistent with his discussion of the beating of his friend.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (discussing that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).  Finally, contrary to Jian's assertion, the IJ's reliance on Jian's omission of the May 2004 incident on direct examination was reasonable.  *See Xiu Xia Lin*, 534 F.3d at 166. *Cf. Xian Tuan Ye v. DHS*, 446 F.3d 289, 295-96 (2d Cir. 2006) (holding that an applicant's failure to include any reference to his alleged detention and beating in his I-589 form is a "self-evident" inconsistency that the agency may rely on without first soliciting an explanation).

Because the REAL ID Act permits the agency to base a credibility finding on inconsistencies such as these, Jian's argument that the record compels reversal is unavailing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167.  As Jian's claims all were based on the same factual predicate, the agency's adverse credibility determination was a proper basis for the denial of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3